# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN LINDELL MOYE,<br>            Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY,<br>            Defendant. | Civil Action No. 2:15-00166<br>Electronically Filed |

## MEMORANDUM OPINION

### I. Introduction

Plaintiff, Shawn L. Moye ("Plaintiff" or "Moye") brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the "Act"), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI"). The parties have submitted cross-motions for summary judgment on the record developed at the administrative proceedings. For the following reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 8) will be denied. The Commissioner's Motion for Summary Judgment (Doc. No. 11) will be granted, and the administrative decision of the Commissioner will be affirmed.

### II. Procedural History

Moye filed an application for Supplemental Security Income (SSI) on July 10, 2013, alleging disability as of June 2, 2005. R. at 175-80. The claim was denied initially on November 1, 2013. R. at 91-94. Plaintiff filed a written request for a hearing on November 27, 2013 (20 CFR 416.1429). R. at 95-97. Plaintiff appeared and testified at a hearing held on July 1, 2014, in Pittsburgh, Pennsylvania, before Administrative Law Judge ("ALJ") Lamar W. Davis. R. at

36-52. Charles M. Cohen, PhD, appeared at the hearing as an impartial vocational expert, and Attorney Linell Lee represented Plaintiff. *Id.*

In a decision dated July 15, 2014, the ALJ determined that Moye is not "disabled" under section 1614(a)(3)(A) of the Social Security Act. R. at 21-30. The Appeals Counsel denied Plaintiff's request for review on December 9, 2014, thereby making the ALJ's decision the final decision of the Commissioner of Social Security in the case. R. 1-4. Plaintiff commenced the present action on February 9, 2015. Doc. No. 1. Plaintiff filed a Motion for Summary Judgment on June 22, 2015. Doc. No. 8. The Commissioner filed a Cross-Motion for Summary Judgment on July 22, 2015. Doc. No. 11. These motions are the subject of this Memorandum Opinion.

### III. Statement of the Case

In a decision dated July 15, 2014, the ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since July 10, 2013, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: dysthymic disorder, depressive mood (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is precluded from all exposure to hazards, such as unprotected heights and dangerous machinery; he is relegated to simple, routine, and repetitive tasks involving no exercise of independent judgment or discretion,

no change in work process, no interaction with the general public, and only incidental interaction with co-workers, with incidental defined as not more than one-sixth of a routine 8-hour day.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on March 31, 1977 and was 36 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 10, 2013, the date the application was filed (20 CFR 416.920(g)).

## IV. Standard of Review

This Court may not undertake a *de novo* review of the Commissioner's decision and is to grant deference to agency inferences if supported by substantial evidence in the record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91(3d Cir. 1986). The district court's function in review of this case is to determine whether the case record contains substantial evidence to support the Commissioner's findings. *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994) (citing *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989)). The findings of the Commissioner are to be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means

"more than a mere scintilla" of evidence, but rather, is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.ed 126 (1938)). In determining if the decision is supported by substantial evidence, this Court considers and reviews only those findings upon which the ALJ based his decisions and cannot undertake independent analysis of the record or review information not mentioned by the ALJ. *See Fargnoli v. Massarini*, 247 F.3d 34, 44 n. 7 (3d Cir. 2001).

In order to qualify for disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period," *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rule making authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court has summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity."[20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find

non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (footnotes omitted).

The Supreme Court has explained that when reviewing a determination which an administrative agency is authorized to make, a district court judge must base his or her decision on the grounds relied upon by the agency in making its determination. *Securities and Exchange Commission v. Chenery Corp.*, 332 U.S. 194, 196 (1947). "If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *Id.* The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli*, 247 F.3d at 44, n. 7. The Court has reviewed the parties' cross-motions for summary judgment on this standard.

V. **Discussion**

In support of Plaintiff's Motion for Summary Judgment, he argues that the ALJ did not properly weigh the medical opinion evidence of record. Doc. No. 10. Specifically, Plaintiff contends that: (1) the ALJ's stated reasons for rejecting Dr. DeWolf's opinions were insufficient and; (2) that the opinion of the State agency psychological consultant, Dr. Rings, does not provide a basis for rejecting Dr. DeWolf's opinions. *Id.* The Commissioner counters that

substantial evidence supports the ALJ's Residual Functional Capacity (RFC) because: (1) the ALJ's decision *not* to rely on Dr. DeWolf's opinion is supported by substantial evidence as Dr. DeWolf's opinions are inconsistent with his own treatment notes, with other records from Mercy Behavioral Health and with Plaintiff's activities of daily living; (2) Dr. Rings opinion provides a basis to reject Dr. DeWolf's opinion, and the ALJ was not required to fully credit the opinion of Dr. DeWolf.

### A. *The ALJ properly weighed the medical opinion evidence of the record.*

The ALJ must do more than simply state factual conclusions. *Stewart v. Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). Instead, the ALJ must express the subsidiary findings that support his or her ultimate findings. *Id.* (citing *Hargenrader v. Califano*, 575 F.2d 434, 438 (3d Cir. 1978)). The ALJ must include the evidence he or she considered in making the determination, but must also indicate why such evidence was rejected. *Id.* (citing *Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981)). Therefore, the ALJ must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter*, 642 F.2d at 705.

### i. *The ALJ's stated reasons for rejecting Dr. DeWolf's opinions were sufficient.*

The United States Court of Appeals for the Third Circuit recognizes that the opinions of a plaintiff's treating physician are entitled to substantial and, at times, controlling weight. *Fargnoli,* 247 F.3d at 43. *See* 20 C.F.R. § 404.1527(d)(2); *Cotter*, 642 F.2d at 704. However, a treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or is "inconsistent with the other substantial evidence in [the] case record . . . ." 20 C.F.R. § 404.1527(d)(2). *See* SSR

96-2 ("A statement by a physician or other treating source can be given weight only to the extent it is supported by medical findings."). An ALJ must weigh all of the evidence that supports Plaintiff's testimony and must specifically explain his or her reasons for rejecting such supporting evidence. *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 119-20 (3d Cir. 2000).

An ALJ may reject the opinion of a treating physician when that opinion is contradicted by other probative medical evidence. *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). Plaintiff argues that the ALJ substituted his own judgment and lay interpretation of the clinical findings in the record in place of Dr. DeWolf's opinion. Doc. No. 10. However, by indicating that Dr. DeWolf's opinion was inconsistent with other medical evidence on the record, the ALJ adequately supported his decision to reject Dr. DeWolf's opinion as conclusive.

The ALJ's analysis did not distort the clinical record, but rather examined the extent to which Dr. DeWolf's opinions regarding the intensity, persistence, and limitations of Plaintiff's symptoms were consistent with the medical evidence, as provided under the requirements of 20 CFR § 416.929 and 20 CFR § 416.927. While Dr. DeWolf found "marked" and "extreme" restrictions in his May of 2013 and May of 2014 opinions, the ALJ explained that these opinions lacked support from the medical assessment records at Mercy Behavior Health, which was the location where Dr. DeWolf was treating Plaintiff. R. at 28. One of these assessments was performed on the same day as Dr. DeWolf's 2013 opinion. *Id.* The ALJ specifically cited the following assessments from Mercy Behavior Health as not supporting Dr. DeWolf's opinion: (1) Plaintiff had normal speech, thought processes, associations, abstraction, and computation; (2) Plaintiff had no suicidal, homicidal or violent ideation; (3) Plaintiff was goal-directed and exhibited fair judgment; (4) Plaintiff had an intact memory and made good eye contact; (5)

Plaintiff was well-groomed, polite, cooperative, and was found to have a "normal" mood in one instance. R. at 28. The ALJ properly explained his reasons for rejecting Dr. DeWolf's opinion as being inconsistent with the clinical findings.

### ii. The ALJ did not base his decision solely on Dr. Rings' opinion.

Plaintiff argues that Dr. Rings' opinion did not provide a basis for rejecting Dr. DeWolf's opinions. As discussed above, the ALJ provided an explanation for rejecting Dr. DeWolf's opinion. At no point in reviewing Dr. DeWolf's opinion did the ALJ cite to Dr. Rings' opinion. R. at 28. The ALJ concluded that Dr. DeWolf's opinion was inconsistent with the Mercy Behavioral Health records. *Id.* These records were, however, consistent with the remaining medical evidence, medical opinions, and other evidence reviewed in the ALJ's decision.

Rather than re-analyze the evidence, the district court's function is to determine whether the record, as a whole, contains substantial evidence to support the ALJ's findings, and ultimately the findings of the Commissioner. *See Adorno*, 40 F.3d at 46 (3d Cir.1994) (citing *Richardson,*, 402 U.S. at 401). The ALJ must consider all the relevant evidence of the claim, which includes "medical records, observations made during formal medical examinations, descriptions of limitations by the claimant and others, and observations of the claimant's limitations by others." *Fargnoli*, 247 F.3d at 41.

Although Moye argues that the ALJ improperly relied on evidence to discount Dr. DeWolf's opinion and to reach his ultimate conclusion, the ALJ adequately supported his decision. The ALJ cited medical evidence which was consistent with the Mercy Hospital Behavioral records and which contradicted Dr. DeWolf's opinion. R. at 26-28. The ALJ cited Plaintiff's statement that his medication had been working "pretty good." R. at 26. The ALJ cited multiple examination findings that Plaintiff was goal-directed and displayed normal speech

and thought process. R. at 26-28. He had no suicidal ideation, homicide ideation, or violent ideation. *Id.* Plaintiff exhibited an intact fund of knowledge and memory along with good judgment. *Id.* The consultative examiner, Dr. Pacella, noted that Plaintiff was able to arrive at appointments unaccompanied, was able to ride the bus, and is independent in self-care and some activities of daily living. R. at 26. The ALJ also cited that in his meetings with Dr. Pacella, along with the Mercy Behavioral Health records, Plaintiff was consistently well-groomed, made good eye contact, and was appropriate, polite, and cooperative. R. at 26-28. Though the ALJ noted Dr. Pacella's overall opinion was of little value because Dr. Pacella was not familiar enough with the Plaintiff's condition, his observations supported the clinical findings throughout the medical record. R. at 28.

The ALJ was also in a position to determine the extent to which the Plaintiff accurately stated the degree of pain or the extent to which Plaintiff is disabled by it. *See* 20 C.F.R. § 404.1529(c). *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir.1999). An ALJ may conclude whether or not a plaintiff's testimony is credible, and if the ALJ finds it is not credible, he or she must indicate the specific basis for such a conclusion. *See Cotter*, 642 F.2d at 705. The ALJ provided a specific and adequate basis for the conclusion that the Plaintiff's description of the intensity of his symptoms was not credible. In support, the ALJ cited to the Plaintiff's meeting with Dr. Pacella where the Plaintiff was "ostensibly" disoriented, but was able to arrive at the office unaided. R. at 26. Dr. Pacella noted that Plaintiff reported a history with evidence of impulse dyscontrol and assault, however showed "no signs of derailment or circumstantiality." R. at 26.

In addition to these medical observations, that ALJ also cited statements made by the Plaintiff throughout the record. The ALJ cited a treatment record noting that the Plaintiff "was

focused on having the clinician re-complete SSI paperwork because his attorney stated 'it wasn't marked extreme enough,'" and following the clinician's refusal to do so, Plaintiff missed several scheduled therapy appointments. R. at 27. The ALJ cited the Plaintiff's contradictory statements, including his allegation that he had not worked since 2005, though he told his therapist in 2013 that he was working as a part-time parking attendant, and the Plaintiff's denial of drug and alcohol abuse in February 2012, when in January 2012, Moye had reported past and current marijuana use, past cocaine use, and heavy alcohol use. *Id.* The ALJ also noted Plaintiff's willingness to exaggerate his limits with Dr. Pacella in failing to find commonalities between simple objects, though his treatment records do not support these findings, as his intellectual functioning is within normal limits. *Id.* The ALJ's credibility determinations, which are afforded great weight, in addition to the medical records and the medical opinions, constitute substantial evidence for the ALJ's decision.

## VI. Conclusion

For the foregoing reasons, the Court finds that the ALJ's decision is supported by substantial evidence. Therefore, the Commissioner's administrative decision will be affirmed. An appropriate order will follow.

        s/ Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge

Dated: August 7, 2015
cc: All Registered ECF Counsel and Parties